

**U.S. Department of Justice**

**United States Attorney**
**District of New Jersey**

*970 Broad Street, 7th floor*  
*Newark, New Jersey 07102*                      973-645-2700

JN/PL AGR  
2024R00010

July 25, 2025

Joseph Amsel, Esq.  
972 Broad St, 3rd Floor  
Newark, NJ 07102  
Email: jzamsel@amsellaw.com

Re:    Plea Agreement with Kyzeik Robinson

Dear Counsel:

This letter sets forth the plea agreement between your client, Kyzeik Robinson ("Robinson"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **August 29, 2025**, if it is not accepted in writing by that date. If Robinson does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Robinson to Counts One and Five of the Superseding Indictment (Crim. No. 24-600 (BRM)), charging him with: in Count One, conspiracy to violate the Racketeer Influenced and Corrupt Organizations ("RICO") Act, in violation of 18 U.S.C. § 1962(d); and in Count Five, conspiracy to distribute and possess with intent to distribute fentanyl, heroin, and cocaine, contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(C), in violation of 21 U.S.C. § 846.

If Robinson enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Robinson for conspiring to violate and violating the RICO Act, in violation of 18 U.S.C. § 1962, during the time period of in or around January 2021 and continuing through at least in or around February 2025, or for conspiring to distribute, distributing, and possessing with intent to distribute fentanyl, heroin, and cocaine from at least in or around August 2023 through in or around April 2024. In addition, if Robinson fully complies with this agreement, at

the time of sentencing, this Office will dismiss Counts Sixteen, Nineteen, and Twenty in the Superseding Indictment (Crim. No. 24-600 (BRM)) against Robinson.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Robinson even if the applicable statute of limitations period for those charges expires after Robinson signs this agreement, and Robinson agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 1962(d) to which Robinson agrees to plead guilty to in Count One of the Superseding Indictment carries a statutory maximum sentence of twenty years imprisonment and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 21 U.S.C. § 846, contrary to 21 U.S.C. §§ 841(a), (b)(1)(B), and (b)(1)(C), to which Robinson agrees to plead guilty to in Count Five of the Superseding Indictment carries a statutory mandatory minimum of five years' imprisonment, a statutory maximum sentence of forty years' imprisonment, and a statutory maximum fine equal to the greatest of: (1) $10,000,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentences imposed on Counts One and Five may run consecutively to each other and to any sentence Robinson is serving or is ordered to serve.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Robinson is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Robinson ultimately will receive.

Further, in addition to imposing any other penalty on Robinson, the sentencing judge as part of the sentence:

(1) will order Robinson to pay an assessment of $100 per count ($200 in total) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Robinson to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) must order forfeiture, pursuant to 18 U.S.C. § 924(d)(1), 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 1963(a), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c);

(4) may deny Robinson certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(5) pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841, the sentencing judge may require Robinson to serve a term of supervised release of not more than three years on Counts One and must require Robinson to serve a term of supervised release of at least four years on Count Five, which will begin at the expiration of any term of imprisonment imposed. Should Robinson be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Robinson may be sentenced to not more than 2 years' imprisonment on Counts One and Five in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Restitution

Pursuant to 18 U.S.C. §§ 3663 and 3663A, Robinson agrees to make full restitution for all losses resulting from the offense of conviction, which will be determined around the time of sentencing. Robinson understands that restitution will be due immediately upon sentencing. Robinson agrees fully to disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including those held by a spouse, nominee or third party. Robinson agrees to truthfully complete the financial statement form provided herein by the earlier of 14 days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to both the United States Attorney's Office and the United States Probation Office. Robinson agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days

of the event giving rise to the changed circumstances. Robinson expressly authorizes the U.S. Attorney's Office to obtain a credit report on him.

## Forfeiture

As part of Robinson's acceptance of responsibility, pursuant to 18 U.S.C. § 1963(a), Robinson agrees to forfeit to the United States: any interest Robinson has acquired or maintained in violation of 18 U.S.C. § 1962, as charged in Count One; any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise which Robinson has established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962, as charged in Count One; and any property constituting, or derived from, any proceeds which Robinson obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of 18 U.S.C. § 1962, as charged in Count One.

Robinson further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; entitling the United States to forfeit substitute assets equal to the value of the proceeds of the offenses Robinson committed as charged in Counts One and Five (the "Money Judgment"). Robinson consents to the entry of an order requiring Robinson to pay the Money Judgment and agrees that such Order will be final as to Robinson prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Robinson's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Robinson further agrees that the United States Attorney's Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Robinson waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Robinson consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. Robinson understands that criminal forfeiture is part of the sentence that may be imposed in this case and

waives any failure by the court to advise Robinson of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Robinson further understands that Robinson has no right to demand that any forfeiture of Robinson's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. Robinson waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

Robinson further agrees that, not later than 14 days after requested to by this Office, Robinson will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Robinson fails to do so, or if this Office determines that Robinson has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Robinson by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Robinson's activities and relevant conduct with respect to this case.

Stipulations

This Office and Robinson will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A

stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Robinson waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

Robinson understands that, if Robinson is not a citizen of the United States, Robinson's guilty plea to the charged offenses will likely result in Robinson being subject to immigration proceedings and removed from the United States by making Robinson deportable, excludable, or inadmissible, or ending Robinson's naturalization. Robinson understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Robinson wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Robinson's removal from the United States. Robinson understands that Robinson is bound by this guilty plea regardless of any immigration consequences. Accordingly, Robinson waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Robinson also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Robinson. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Robinson from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the entire plea agreement between Robinson and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By: Jake A. Nasar
Assistant U.S. Attorney

APPROVED:

Kendall Randolph
Deputy Chief, Organized Crime/Gangs Unit

I have received this letter from my attorney, Joseph Amsel, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 7/30/25
Kyzeik Robinson


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 8/12/25
Joseph Z. Amsel
Joseph Amsel, Esq.
Counsel for Defendant

- 8 -

## Plea Agreement with Kyzeik Robinson

## Schedule A

1. This Office and Kyzeik Robinson ("Robinson") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2024, applies in this case.

### Count One: RICO Conspiracy

3. The applicable guideline is U.S.S.G. § 2E1.1. This guideline carries a Base Offense Level equal to the greater of 19 or the offense level applicable to the underlying racketeering activity. *See* U.S.S.G. § 2E1.1(a).

4. Where there is more than one underlying offense, each underlying offense is treated as if it were a separate count of conviction for the purposes of U.S.S.G. § 2E1.1(a)(2). *See* U.S.S.G. § 2E1.1, Application Note 1.

#### A. Count One, Racketeering Act One (Drug Conspiracy)

5. For Count One, Racketeering Act One, the underlying racketeering activity is the conspiracy to distribute and possess with intent to distribute fentanyl, heroin, and cocaine in territory controlled by the Enterprise, which occurred from at least August 2023 through in or around April 2024. The applicable guideline for 21 U.S.C. § 846 is U.S.S.G. § 2D1.1.

6. Because the offense conduct involves, and Robinson is responsible for, more than 400 but less than 700 kilograms of converted drug weight, this guideline carries a Base Offense Level of 26. *See* U.S.S.G. §§ 2D1.1(a)(5) and (c)(7).

7. Since the offense level is greater than 19, the offense level applicable to the underlying racketeering activity in Count One, Racketeering Act One is 26.

#### B. Count One, Racketeering Act Two (Distribution of Fentanyl)

8. For Count One, Racketeering Act Two, the underlying racketeering activity is the distribution and possession with intent to distribute at least 8 grams but less than 16 grams of fentanyl in territory controlled by the Enterprise in New Jersey on or about December 4, 2023. The applicable guideline for 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) is U.S.S.G. § 2D1.1.

9. The base offense level is 16. *See* U.S.S.G. §§ 2D1.1(a)(5) and (c)(12).

10. Since the offense level is less than 19, the offense level applicable to the underlying racketeering activity in Count One, Racketeering Act Two is 19.

## C. Count One, Racketeering Act Three (Distribution of Fentanyl and Heroin)

11. For Count One, Racketeering Act Three, the underlying racketeering activity is the distribution and possession with intent to distribute a mixture containing at least 16 grams but less than 24 grams of fentanyl in territory controlled by the Enterprise in New Jersey on or about February 29, 2024. The applicable guideline for 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) is U.S.S.G. § 2D1.1.

12. The base offense level is 18. *See* U.S.S.G. §§ 2D1.1(a)(5) and (c)(11).

13. Since the offense level is less than 19, the offense level applicable to the underlying racketeering activity in Count One, Racketeering Act Three is 19.

## D. Count One, Racketeering Act Four (Distribution of Fentanyl)

14. For Count One, Racketeering Act Four, the underlying racketeering activity is the distribution and possession with intent to distribute at least 16 grams but less than 24 grams of fentanyl in territory controlled by the Enterprise in New Jersey on or about March 14, 2024. The applicable guideline for 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) is U.S.S.G. § 2D1.1.

15. The base offense level is 18. *See* U.S.S.G. §§ 2D1.1(a)(5) and (c)(11).

16. Since the offense level is less than 19, the offense level applicable to the underlying racketeering activity in Count One, Racketeering Act Four is 19.

## Count Five: Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl, Heroin, and Cocaine

17. The applicable guideline for Count Five is U.S.S.G. § 2D1.1.

18. Because the offense conduct involves, and Robinson is responsible for, more than 400 but less than 700 kilograms of converted drug weight, this guideline carries a Base Offense Level of 26. *See* U.S.S.G. §§ 2D1.1(a)(5) and (c)(7).

19. Thus, the total Guidelines offense level for Count Five is 26.

## Grouping of Multiple Counts

20. The sentences for Racketeering Acts One through Four, as charged in Count One, are subject to the grouping rules set forth in U.S.S.G. §§ 3D1.1, 3D1.2, and 3D1.3.

21. Pursuant to U.S.S.G. §§ 3D1.2(a)-(b) and (d), Racketeering Acts One through Four and Count Five all group because they involve the same acts or transactions, are connected by a common criminal objective or scheme, and are all offenses determined by the quantity of the substances involved. Accordingly, the combined total offense level is 26.

## Additional Considerations

22. Within the meaning of U.S.S.G. § 5C1.2(a)(2), Robinson did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

23. Within the meaning of U.S.S.G. § 5C1.2(a)(3), the offense did not result in death or serious bodily injury to any person.

24. As of the date of this letter, within the meaning of U.S.S.G. § 5C1.2(a)(4), Robinson was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the Sentencing Guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

25. Whether Robinson meets the criteria set forth in U.S.S.G. § 5C1.2(a)(1) and (5) has not yet been determined.

26. If the Court finds that Robinson meets the criteria set forth in 18 U.S.C. § 3553(f)(1)-(5), the Court may impose a sentence without regard to any statutory mandatory-minimum sentence that might otherwise be applicable to any controlled substance offenses charged in this case. If the Court determines that Robinson does not meet the criteria set forth in 18 U.S.C. § 3553(f)(1)-(5), the Court must impose a sentence subject to any applicable statutory mandatory-minimum sentence.

27. If Robinson has: (A) more than 4 criminal history points, excluding any criminal history points resulting from 1-point offenses; (B) a prior 3-point offense; or (C) a prior 2-point violent offense, as determined under the Guidelines before the application of subsection (b) of U.S.S.G. § 4A1.3, he would not satisfy U.S.S.G. § 5C1.2(a)(1) and would not qualify for the two-level reduction in offense level specified in U.S.S.G. § 2D1.1(b)(18).

28. As of the date of this letter, Robinson has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Robinson's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

29.     As of the date of this letter, Robinson has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Robinson's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Robinson enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Robinson's acceptance of responsibility has continued through the date of sentencing and Robinson therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Robinson's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

30.     In accordance with the above, the parties agree that:

   a.   If the Court finds, pursuant to U.S.S.G. § 5C1.2, that Robinson meets the criteria in 18 U.S.C. § 3553(f)(1)(5), Robinson will be entitled to a two-level reduction in his offense level pursuant to U.S.S.G. § 2D1.1(b)(18), with the result that the total Guidelines offense level applicable to Robinson will be 21;

   b.   If Robinson establishes that he meets the criteria set forth in U.S.S.G. § 4C1.1, then a two-level reduction in his offense level is appropriate, with the result that the total Guidelines offense level applicable to Robinson will be 21;

   c.   If Paragraphs 12(a) and (b) both apply, the total Guidelines offense level applicable to Robinson will be 19; and

   d.   Otherwise, the total Guidelines offense level applicable to Robinson will be 23 (collectively, the "agreed Total Offense Level"), subject to any applicable statutory mandatory minimum

31.     Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the agreed Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

32.     If the term of imprisonment does not exceed 57 months, and except as specified in the next paragraph below, Robinson will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early

termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 30 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

33. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a) Any proceeding to revoke the term of supervised release.

(b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).